IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WARREN MILES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| HOGAN MOTOR LEASING, ) | Case No. 3:07-cv-07 DGW |
| ) | |
| Defendant/Third-Party Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| SOUTHERN PRODUCTS COMPANY, ) | |
| ) | |
| Third-Party Defendant. ) | |

**ORDER**

Currently pending before the Court are Third-Party Defendant Southern Products Company's Motion to Strike the *ad damnum* Clause of the Third-Party Complaint (Doc. 53) and Third-Party Plaintiff Hogan Motor Leasing's Motion to Amend its Third-Party Complaint (Doc. 56).

Third-Party Defendant Southern Products Company asks that the *ad damnum* clause of the Third-Party complaint be stricken because it seeks relief in excess of potential damages recoverable under the Illinois Workmens' Compensation Act. Third-Party Plaintiff Hogan Motor Leasing did not respond to the motion, but filed its own Motion to Amend the Third-Party Complaint, seeking specifically to amend the *ad damnum* clause (Doc. 56).

Federal Rule of Civil Procedure 15(a)(1)(A) provides that "[a] party may amend his pleading once as a matter of course before being served with a responsive pleading." Under Rule 15(a)(2), "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." The Court is instructed to "freely give leave when justice so requires." Leave to amend may be denied, however, if there is "undue delay, bad faith, dilatory motive, prejudice, or

futility." Guise v. BMW Mortgage, LLC., 377 F.3d 795, 801 (7th Cir. 2004). The trial court should consider any prejudice the non-moving party would suffer as a result of amendment. See Knapp v. Whitaker, 757 F.2d 827, 849 (7th Cir. 1985) (citing Zenith Radio Corp. v. Hazeltine Research, 401 U.S. 321, 331 (1971)).

Because the Third-Party Plaintiff seeks to amend its complaint to remedy the defect raised in the Motion to Strike, the Court does not believe that the Third-Party Defendant will suffer any prejudice as a result of the amendment. Accordingly, Third-Party Plaintiff Hogan Motor Leasing's Motion to Amend its Third-Party Complaint (Doc. 56) is **GRANTED**. Hogan Motor Leasing shall electronically file its amended Third-Party Complaint by **June 1, 2009**.

Consequently, Third-Party Defendant's Motion to Strike the *ad damnum* clause of the Third-Party Complaint (Doc. 53) is **DENIED as moot**.

**IT IS SO ORDERED.**

**DATED: May 28, 2009**

>s/ *Donald G. Wilkerson*
>**DONALD G. WILKERSON**
>**United States Magistrate Judge**

2